[No. 1167, September 2nd, 1908.]

MARIANO F. SENA, Plaintiff in Error, v. THE AMERICAN TURQUOISE COMPANY, Defendant in Error.

### SYLLABUS.

1. A Spanish Grant made in 1728 by the Governor and Captain General of New Mexico, and not shown to have been confirmed by a Spanish official, is an imperfect grant—that is, one requiring further action of the political authorities to its perfection, recognition of which is forbidden by Act of Cong. March 3, 1891, c. 549, sec. 12, 26 Stat., (U. S. Comp. St. 1901, p. 772) in the absence of a proceeding within two years for

establishment of its validity—the Royal Regulation of the King of Spain of October 15, 1753, sec. 3, providing that all persons holding grants made after 1700 should exhibit their title to the proper officer for confirmation, and that failure so to do should result in their being deprived of and ejected from such lands, and grants of them being made to other persons, and section 12, conferring the confirmatory power on the Governors of distant provinces, acting under the advice of certain other officials as to land therein.

2. The evidence of possession, being otherwise entirely insufficient to raise the presumption of confirmation of an imperfect Spanish Grant, made in 1728, is not rendered sufficient by evidence that in 1783 the son of the grantee devised the land, that in 1834 the grantee's grandson deeded it, and that in 1885 another person in such chain of title pledged the property.

Error to the District Court for San Miguel County, before WILLIAM J. MILLS, Chief Justice. Affirmed.

F. W. CLANCY and H. S. CLANCY, for Plaintiff in Error.

A defendant in an action at law, cannot invoke the doctrine of laches to defeat the claim of plaintiff based upon his legal title. Lazarus v. Phelps, 156 U. S. 205; Gray v. Finch, 53 Conn. 513; Leport v. Todd, 32 N. J. L. 128; Bayard v. Colefax, 4 Wash. C. C. 41, 42; Kidder v. Stevens, 60 Cal. 419; Table Mountain Company v. Waliers Co., 4 Nev. 220; Bates v. Pickett, 5 Ind. 22; Lind v. Lind, 53 Minn. 51; Anderson v. Watt, 138 U. S. 706 and cases cited; Adams v. Slate, 87 Ind. 575, 576; Sullivan v. Goldman, 19 La. Ann. 13; Thomas v. Hatch, 3 Sumn. 182; Clements v. Hays, 76 Ala. 280, 284; Cargile v. Wood, 63 Mo. 514; Gilleland v. Martin, 3 McLean 491; Higdon's Heirs v. Higdon's Lessees, 6 J. J. Marsh, 51; O'Gara v. Eisenlohr, 38 N. Y. 299; Best on Presumptions 186; Wilkins v. Earle, 44 N. Y. 172; Scales v. Key, 11 A. & E. 819, 824-826; syllabus in Brown v. King, 5 Metc. 173; Currier v. Gale, 9 Allen 525; Royland v. Updike, 28 N. J. L. 101; People v. Feilen, 58 Cal. 218; Kidder v. Stevens, 60 Cal. 419; 1 Moreau and Carleton's Partidas, 400,

365; Philadelphia v. Riddle, 25 Pa. St. 263; 3 Washburn on Real Property, chap. 2, sec. 1; Robie v. Sedgwick, 35 Barb. 329; Pickett v. Dowdall, 1 Wash., Va. 115; 1 Escriche, ed. 1847, p. 6; Pomeroy's Eq. Jur., 3 ed., secs. 84-87, 354, 1369; Pomeroy's Code Remedies, sec. 32.

Equitable estoppel cannot be interposed as a defense in an action of ejectment. Laws of 1903, chap. 5; Compiled Laws, 1897, sec. 3160 et seq.; Foster v. Mors, 99 U. S. 428; Smith v. McCann, 24 How. 406, 407; Claggett v. Kilbourne, 1 Black 348-350; Fenn v. Holme, 21 How. 488; Hooper v. Scheimer, 23 How. 249; Dickerson v. Colgrove, 100 U. S. 578, 580; Kirk v. Hamilton, 102 U. S. 76; Bigelow on Estoppel, 5 ed. 596; Ditch Co. v. Irrigation Co. 27 Colo. 274; Viele v. Judson, 82 N. Y. 32, 40; Horn v. Cole, 51 N. H. 287; Chapman v. Chapman, 59 Pa. St. 214; Franklin v. Meyer, 36 Ark. 114; Bramble v. Kingsbury, 39 Ark. 134; Rector v. Board, 50 Ark. 128; Bartlett v. Kander, 97 Mo. 361; Henshaw v. Bissell, 18 Wall. 271; Wiser v. Lawler, 189 U. S. 270.

If the grant were to receive no further act to constitute it an absolute title to the land from the legal authorities, taking effect in presenti, it was a perfect title, requiring no further action of the political authority to its perfection. Hancock v. McKinney, 7 Tex. 384; U. S. v. Chaves, 175 U. S. 520-524; U. S. v. Pendell, 185 U. S. 196-200.

Doubt as to identity of boundaries cannot vitiate title, but merely makes a question for the jury. Land Co. v. Saunders, 103 U. S. 318-323; Owen v. Bartholomew, 9 Pick. 525; Morris v. Callanan, 105 Mass. 129, 132; Wilson v. Marvin, 172 Pa. St. 37; Bushey v. Iron Company, 136 Pa. St. 555; Berry v. Watson, 122 Pa. St. 227; Kellum v. Smith, 65 Pa. St. 89; Greeley v. Thomas, 56 Pa. St. 43; Brown v. Willey, 42 Pa. St. 208; Hunt v. McFarland, 38 Pa. St. 71; Mathers v. Hegarty, 37 Pa. St. 64; Gratz v. Hoover, 16 Pa. St. 239; Nourse v. Lloyd, 1 Pa. St. 233; Comegins v. Carley, 3 Watts. 280; Schei v. Struck, 109 Wis. 598; Woodbury v. Veniä, 114 Mich. 252; Brown v. Morrill, 91 Mich. 29; Tasker v. Cilley, 59 N. H. 575; Ayers v. Watson, 133 U. S. 599-609; Culla-

cott v. Cash Co., 6 Pac. 214; Abbott v. Abbott, 51 Me. 575; Madden v. Tucker, 46 Me. 376; Carter v. Clark, 92 Me. 226; Boardman v. Reed, 6 Pet. 345; Barclay v. Howell, 6 Pet. 509, 510; Thurston v. Masterson, 9 Dana, Ky. 228; Smith v. Evans, 1 Ky., Hughes, 169; Banks v. Moreno, 39 Cal. 239, 240; Carpentier v. Montgomery, 13 Wall. 493, 494; Carter v. Oldham, Hughes 367, 368.

The New Mexico statute bars any action for lands "against any one having adverse possession of the same continuously in good faith, under color of title, and who has paid the taxes lawfully against the same," except within ten years after the cause of action accrued; and the statute further declares, in effect, that all suits for the recovery of land so held "shall be commenced within ten years next after the cause of action therefor has accrued." Laws of 1899, chap. 63, sec. 2; Wright v. Mattison, 18 How. 56; Ward v. Cochran, 150 U. S. 608; Altschul v. O'Neill, 35 Ore. 202, 58 Pac. 95; Forbes v. Gracey, 94 U. S. 767, XXIV, 314; Belk v. Meagher, 104 U. S. 283, 284; 13 U. S. Stat. at L. 441, ch. 67, sec. 9, R. S. sec. 910; Ward v. Cochran, 150 U. S. 597, 14 Sup. Ct. 230, 37 L. ed. 1195; Henshaw v. Bissell, 18 Wall. 255, 21 L. ed. 835; Bracken v. Union Pacific Ry. Co. 75 Fed. 347, 21 C. C. A. 387; Pillow v. Roberts, 13 How. 472, 14 L. ed. 282; Tyce Consol. M. Co. v. Langstedt, 136 Fed. 128; Alexander v. Polk, 39 Miss. 737; Magee v. Magee, 37 Miss. 138; Davis v. Bowmar, 55 Miss. 671; Wilkerson v. Eilers, 114 Mo. 245; Hunnewell v. Burchett, 152 Mo. 611; Adams v. Burke, 1 Fed. Cas. 99; Kincheloe v. Tracewell, Va., 11 Gratt. 605; Harvey v. Tyler, 2 Wall. 349; Sharon v. Tucker, 144 U. S. 541; Probst v. Presbyterian Church, 129 U. S. 190, 191; Jackson v. Porter, 13 Fed. Cas. 238; Bowman v. Lee, 48 Mo. 336; Bracken v. Railway Co., 75 Fed. 349; Colvin v. Land Assn., 23 Neb. 75; Smith v. Burtis, 9 Johns 180; Bedell v. Shaw, 59 N. Y. 50; Schleicher v. Gatlin, 85 Tex. 272; Colvin v. Burnett, 17 Wend. 569; Braun v. Sauerwein, 10 Wall. 221-223; Express Co. v. Ware, 20 Wall. 543; Pierce v. Southern Pacific, 41 L. R. A. 352; Olcott v. Tioga R. Co., 20 N. Y. 221 et seq.; Rathbun v. N. C. R. Co., 50 N. Y. 656; Boardman v.

Sena v. Turquoise Co.

Lake Shore R. Co., 84 N. Y. 157; Robinson v. Imperial Co., 5 Nev. 44, 76, 77; Borston v. Union Con. Co., 10 Nev. 386; State v. C. P. R. Co., 10 Nev. 4; R. R. Co. v. Estill, 147 U. S. 607, et seq.; 6 Thomp. Corp. sec. 7841; U. S. v. Martinez, 184 U. S. 546; Sena v. U. S., 189 U. S. 242; Roberts v. Cooper, 20 How. 476, 483; 4 Kent Com. 447, 526, 531; Schaferman v. O'Brien, 28 Md. 565, 573, 574; Matthews v. Herner, 2 App. D. C. 349; Peck v. Heurich, 167 U. S. 629, 630; St. Henry VIII, ch. 9; Sedgwick v. Stanton, 14 N. Y. Rep. 289; Danforth v. Streeter. 28 Vt. 490; Story's Eq. Jur., sec. 1057; Findon v. Parker, 11 Mees. & Welsby, 679, 682; Chesapeake B. R. Co. v. W. P. & C. R. Co., 199 U. S. 252.

Depositions used in the court of Private Land Claims. were wrongfully admitted in evidence herein.

MATT G. REYNOLDS and S. B. DAVIS, JR., for Defendant in Error.

Where some further act of the government is necessary in order to vest a perfect title, such grant is imperfect. Chaves v. Chaves, 7 N. M. 58 and cases cited; Sena v. U. S., 189 U. S. 233-242; Act of March 3, 1891, U. S., sec. 12; Reynolds, Spanish and Mexican Land Laws 26, 50; Hall, Mexican Law, pars. 12, 13, secs. 21, 25, 26, 27; White's Recopilacion, vol. 2, p. 50; Menard's Heirs v. Massey, 8 How. 293.

A grant to be perfect must have definite boundaries. Carpentier v. Montgomery, 12 Wall. 480, 482, 483; Sena v. U. S., 189 U. S. 237.

The defense of laches will lie in ejectment suit in New Mexico. Gildersleeve v. New Mexico Mining Co., 161 U. S. 573-580; Patterson v. Hewitt, 195 U. S. 309; Muse v. Arlington Hotel Co., 68 Fed. 637; Sena v. U. S., 189 U. S. 233-242; Dickerson v. Colgrove, 100 U. S. 578; Kirk v. Hamilton, 102 U. S. 68; Berry v. Seawall, 65 Fed. 753; DeGuire v. Lead Co., 38 Fed. 66; Tracy v. Roberts, 88 Me. 317, 34 Atl. 71; Allen v. Seawall, 70 Fed. 564; Laws of 1905, chap. 114, sec. 6; Compiled Laws, 1897. sec. 2685, sub-sec. 175; Dobson v. Pearce, 12 N. Y. 156; Chase v. Peck, 21 N. Y. 581; Chouteau v. Gibson, 67 Mo.

38; Rogers v. Gwinn, 21 Ia. 58; Southerland Statutory Construction, sec. 482; Sampeyreac v. U. S., 7 Pet. 222.

The adverse possession of defendant caused the statute of limitations to run in its favor and constituted a good defense to this action. Forbes v. Gracey, 94 U. S. 766; Noyes v. Mantle, 152 U. S. 384; Merritt v. Judd, 14 Cal. 60; Hughes v. Devlin, 23 Cal. 502; Aspen etc. Co. v. Rucker, et als., 28 Fed. 220; McFeters v. Pierson, 24 Pac. 1076; Clements v. Runckel, 34 Mo. 41; Sweeney v. McCulloch, 3 Watts 345; Jones v. Porter, 3 Pa. 132; Hayes v. Martin, 45 Cal. 560, 563; McManus v. O'Sullivan, 48 Cal. 7; Page v. Fowler, 28 Cal. 611; Page v. Fowler, 37 Cal. 108; Fanish v. Coon, 40 Cal. 57; Converse v. Ringer, 6 Tex. Civ. App. 51, 24 S. W. 705; Price v. Eardley, 1903, 77 S. W. 416; Village Mills Co. v. Manley, 1906, 94 S. W. 102; Francoeur v. Newhouse, 43 Fed. 236; Northern Pac. R. Co. v. Kranich, 52 Fed. 911; McCracken v. City of San Francisco, 16 Cal. 591; Altschul v. O'Neil, 58 Pac. 95, distinguished; Tyre Mining Co. v. Longstedt, 136 Fed. 124; Maas v. Burdetzke, 101 N. W. 182; Laws of 1899, chap. 63; Compiled Laws, 1897, sec. 2921, as amended by Laws of 1903, chap. 62, does not apply; City of St. Paul v. Railway Co., 45 Minn. 387; Robinson v. Imperial Co., 5 Nev. 44, and Olcott v. Ry. Co., 20 N. Y. 221, distinguished; McIvor v. Ragan, 2 Wheaton 25; Madden v. Lancaster Co., 65 Fed. 195; Lindauer Mercantile Co. v. Boyd, 70 Pac. 568, 571; Amy v. Watertown, 130 U. S. 320; Wilkinson on Limitations 40; Hall v. Wyborn, 1 Shower 98; act of 4 and 5 Anne, c. 16, sec. 19; Comp. Laws, 1897, secs. 2925, 2930, 2937, 2938; Laws of 1880, ch. 5, sec. 12.

A deed made by a grantor out of possession is absolutely void as against a third party who is in actual adverse possession so as to have disseized the grantor. Tyler on Ejectment 935, et seq.; Loud v. Darling, 7 Allen 205; 2 Washburn on Real Prop. 596; Brinley v. Whiting, 5 Pick. 348; Barry v. Adams, 3 Allen 494; Smith v. Klay, 36 So. 54, Fla.; Dubois v. Holmes, 20 Fla. 834; L'Engle v. Reed, 27 Fla. 345, 9 South. 213; Fla. So. Ry. Co. v. Burt, 36 Fla. 497, 18 South. 581; Schneller v. Plankinton,

98 N. W. 77, N. Dak.; Galbraith v. Paine, 12 N. D., 96 N. W. 258; Little v. Fitzpatrick, 24 Ky. L. R. 93, 67 S. W. 988; Dexter v. Nelson, 6 Ala. 68; Gresham v. Webb, 29 Ga. 320; Martin v. Pace, 6 Black, Ind. 99; Hathorne v. Haines, 1 Me. 224; Bernstein v. Humes, 60 Ala. 600.

## OPINION OF THE COURT.

PARKER, J.—This is an action in ejectment brought by plaintiff to recover possession of certain lands in Santa Fe County. Plaintiff claims these lands to be within a Spanish Grant made in 1728 by the Governor and Captain General of the Province of New Mexico to Jose de Leyba, from whom he deraigns title. Defendant is in possession by virtue of certain mining locations, the first being made as far back as 1885, attacks the validity of the Jose de Leyba Grant, relies on the statute of limitations, the alleged laches of plaintiff, and also asserts the invalidity of plaintiff's deed from the heirs of Jose de Leyba on the ground that at the time of its execution the land in controversy was in defendant's adverse possession. While the pleadings are somewhat extensive, the foregoing is a fair statement of the issues as made both by the pleadings and the proofs during the course of the trial. There is little conflict as to the facts, and the decision of this court must turn entirely on the law points involved. Some of these points were discussed when the grant now relied on by plaintiff was before the court of Private Land Grants, and the Supreme Court of the United States (Sena v. U. S. 189 U. S. 233) and although the decision by those courts is not res adjudicata in this case, still their reasoning is persuasive and their conclusions valuable aids towards the correct determination of the same questions by this court.

The first and only question we deem it necessary to examine is as to the character of the Jose de Leyba Grant, its present value, as the basis of title, depends entirely on its original character and the recognition to which it was entitled under the laws of Spain and Mexico, for it has not been confirmed either by Act of Congress or by the Court of Private Land Claims, and has therefore received

no strength from any action of the political department of our government.

In Ely's Administrator v. U. S., 171 U. S. 220, Mr. Justice Brewer remarks that few cases are more perplexing than those involving Mexican grants. This is true, whether the grant originated under Mexican or Spanish rule. Yet in this case we are forced to a discussion of the Spanish law as applicable to the Jose de Leyba grant, for if it was not a complete and perfect grant under Spanish law it is not available to plaintiff as the foundation on which to base this action of ejectment. If it is an imperfect grant its recognition is forbidden by Section 12, of the Act of Congress of March 3, 1891, providing that such grants after two years should be considered by all courts as abandoned and should be forever barred. By this statute this court is, of course, bound.

Perhaps the distinction between perfect and imperfect grants is best defined in the case of Hancock v. McKinney, 7 Tex. 384; at least that case has been often cited on the point, and is quoted from in the brief for plaintiff in error. In that case the Supreme Court of Texas in discussing this point with reference to grants made by Coahuila and Texas, and the rule would be the same by whatever sovereignty the particular grant was made, says:

"The distinction between perfect and imperfect titles, under the government of Coahuila and Texas has been often discussed in this court, and resulted in the acknowledgment of the distinction, and resting it on the following basis, that is to say: If the grant were to receive no further act to constitute it an absolute title to the land from the legal authorities, taking effect *in presenti,* it was a perfect title, requiring no further action of the political authority to its perfection. But if something remained to be done by the government or its officers, such title or right was imperfect; and until it received the sanction of the political authority it could not claim juridical cognizance."

The distinction between perfect and imperfect grants has been also discussed by this court in the Ojo del Borrego and the Antonio Baca grant cases, 12, N. M. 62, 169.

Applying this rule to the case at bar we must enquire

whether or not anything remained to be done by the government of. Spain or by its officers in connection with the Jose de Leyba Grant. If so, then that grant does not measure up to the standard and must be declared imperfect.

The Jose de Leyba grant having been made in 1728, is subject to the provisions of the Royal Regulation of the King of Spain, dated at San Lorenzo el Real, October 15, 1754 (2 White's Recop. 62). It appears that this regulation was made necessary by a royal decree dated November 24, 1735, the terms of which required that all grants of land within the Spanish domain should be approved by the King himself before being finally valid. When we consider the extent of Spanish rule and the difficulty of communication between Madrid and the distant provinces, the inconvenience necessarily caused by this order is obvious. While the Spanish government was not willing to trust the complete disposition of the royal lands to subordinate officers, still it realized the necessity of taking steps to make more simple the aquisition of titles, and for that purpose the King by the Regulations of 1754, did away with the necessity of his personal confirmation. By the first section of the Regulation the Viceroys and Presidents of the Royal Audiencias were ordered to appoint subdelegates who should be entrusted with this duty, and, to render it still easier to comply with the King's will, by section 12 the confirmatory power was conferred on the governor of distant provinces, in which class New Mexico would doubtless fall, acting under the advice of certain other officials (2 White's Recopilacion, p. 66). Section 3 provides that all persons holding grants made after 1700 should exhibit their titles to the proper officer for confirmation, and that a failure so to do should result in their being "deprived of and ejected from such lands, and grants of them made to other persons."

In 1754 the government of Spain was that of an absolute monarchy, and it is not for us to question the right of the King to compel holders of titles theretofore given to apply for confirmation. It was therefore necessary for the then claimant of the then Jose de Lebya grant to obtain such confirmation. Without it his grant became void and

he could at any time be ejected by the sovereign, or any other person to whom the same land was equally granted. There is no documentary proof before us of any such application, or of any confirmatory action by the Spanish governor or other officer. It is not unlikely that the certificate of confirmation would be endorsed on, or attached to the original grant papers, but no such certificate appears though the original is in evidence. It being incumbent upon plaintiff to show that his grant was perfect, its confirmation became a necessary element in his proof. No such evidence having been introduced, the grant must necessarily be held imperfect, unless such confirmation is to be presumed from the surrounding facts and circumstances.

Counsel for defendant claims that such presumption arises in this case, and cites U. S. v. Chaves., 175 U. S. 520, and U. S. v. Pendell, 185 U. S. 196. Those cases hold that from a long and uninterrupted possession the law may presume such formal instruments as are requisite to title. In the Chaves case the grant claimant was in the actual possession of the land claimed by him at the time of his petition to the Court of Private Land Claims, and there had been a long unintersupted possession both under Mexico and the United States. The court says that such continuous possession on the part of claimant and his predecessors to interest had been shown from some time prior to 1785, inferentially from 1716, and from that kind of possession, coupled with the other circumstances of the case, found the presumption sufficient upon which to base judgment. In the Pendell case the Court of Private Land Claims affirmatively found:

"That the land included in the said outboundaries continued in the possession of the said grantee, his heirs, legal representatives and assigns, from the time of the making thereof prior to the year 1790, down to the present time, and that the partitioners herein have succeeded in part to the rights of the said original grantee."

It will thus be seen that the proof of possession of the grants in those cases was absolute, unquestionable, uninterrupted, and continuing to the time of the court's decis-

ion. It is on this kind of possession that the court bases its presumptions of title. In this case the plaintiff was not in possession of any portion of the grant at the time of the commencement of the present proceeding, and no one of his predecessors in interest had been in possession since the American occupation. The various documents bearing date prior to 1840 show a claim of ownership rather than actual use, and the title claimed may or may not have been accompanied by possession.

Counsel for plaintiff seek to invoke the principle that a status, once established, is presumed to continue until the contrary appears and to substitute this principle for proof of possession. We have examined all of the cases cited in illustration of the application of this principle and find none in which it has been held sufficient to support a presumption of a grant or confirmation of a grant.

In discussing this phase the question of the character of the Jose de Leyba Grant, the court of Private Land Claims said:

"The evidence as to settlement and occupation of the tract purporting to have been granted, continuity of possession, cultivation, residence, improvement, claim of ownership, notoriety of the grant and knowledge of its existence in the community or by the oldest inhabitants now living, is so vague, contradictory and uncertain as to be almost wholly wanting."

"In as much as the grant was made at the date mentioned, 1728, it falls under the requirements of the Royal Ordinances of 1754, which provide that all grants made subsequent to 1700, unless already confirmed by royal order of the king or his viceroys, or presidents of the audiencias of the several districts embracing the lands granted should apply for such confirmation as a prerequisite to validity. There is no evidence in this case either by the documents presented or otherwise, that these requirements of the ordinance of 1754 were ever complied with. Nor is there in the nature of the case or upon any of the facts in evidence any grounds that will justify a presumption of such compliance with the requirement for confirmation."

With this conclusion we agree.

United States v. Meyers.

Counsel asserts that the facts in this case are different from those before the Court of Private Land Claims and Supreme Court of the United States, and points out the will of the son of the original grantee in 1783 disposing of this land, and the deed of the grandson of the grantee in 1834, the informal pledge of the property in 1855 by the aunt of plaintiff's grantor and certain acts of dominion about the same time as not having been before the former courts. But we do not deem these facts, even if properly admitted in evidence, as sufficient to show such possession as would raise the presumption invoked.

It therefore clearly appears that the grant under which plaintiff claims is an imperfect grant, and as such furnishes no basis for an action of ejectment.

This conclusion renders it unnecessary to examine the other questions raised. The judgment of the court below will be affirmed. And it is so ordered.